RECEIVED
AUG 29 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 97-60045 |
| VERSUS | JUDGE DOHERTY |
| RONALD JOSEPH FAVORS | MAGISTRATE JUDGE TYNES |

### MEMORANDUM RULING
### DENYING MOTION FOR DOWNWARD DEPARTURE/REQUEST FOR EVIDENTIARY HEARING PURSUANT TO 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1, 5K2.0 OR RULE 35

The Court is in receipt of the defendant's "Motion for Downward Departure/Request for Evidentiary Hearing Pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. 5K1.1, 5K2.0 or Rule 35" [Doc. 86], the government's response thereto, [Doc. 87], and the defendant's reply brief. [Doc. 88]. For the following reasons, this Court DENIES the motion.

### FACTS

On December 9, 1997, a federal grand jury returned a two-count indictment against Mr. Favors and Kimberly Henson, who were each charged with the following counts: (1) conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1) and §846; and (2) possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §841(a)(1) and §841(b)(1)(A). [Doc. 16]. On February 12, 1998, Mr. Favors entered a plea of guilty to Count Two, possession with intent to distribute crack cocaine, and the government dismissed Count One. [Docs. 42-46, 54]. On June 25, 1998, Judge Shaw sentenced Mr. Favors to 188 months. [Doc. 54]. Mr. Favors was later granted an out of time appeal. [Doc. 72]. On June 14, 2001, the Fifth Circuit affirmed Mr. Favors's sentence. [Doc. 84]. There is no indication Mr. Favors sought any further



appellate review of his sentence.

On May 9, 2007, Mr. Favors filed the instant motion, arguing that the government has refused to file a reduction of his sentence, and that this Court has the authority to review the government's refusal to file a motion to reduce his sentence.

## Law and Discussion

The defendant's motion is unauthorized and without jurisdictional basis.

Sections 5K1.1 and 5K2.0 of the Federal Sentencing Guidelines allow the Court to depart from a Guideline Sentence prior to sentencing upon <u>motion of the government</u>. As defendant has already been sentenced, §§ 5K1.1 and 5K2.0 are inapplicable.

Fed. Rule of Cr. Procedure 35(a) allows the court, within seven days of sentencing, to correct a sentence that resulted from arithmetical, technical, or other clear error. Given that the instant motion was filed more than five years after Favors was sentenced and that it does not seek to correct an arithmetical or technical error, the court has no jurisdiction to modify or reduce Favors's sentence pursuant to Rule 35(a). *See United States v. Early,* 27 F.3d 140, 141 (5th Cir. 1994).

Fed. Rule of Cr. Proc. 35(b) allows for a reduction of sentence after a defendant has already been sentenced. However, like § 5K1.1, Rule 35(b) only allows the Court to reduce a sentence upon a motion by the <u>government</u>.

Likewise, 18 U.S.C.A. § 3553(e) allows a Court to impose a sentence below the statutory minimum, but only upon motion of the <u>government</u>.

Mr. Favors's motion is not authorized by 18 U.S.C.A. § 3553(e), U.S.S.G. 5K1.1, U.S.S.G. 5K2.0 or Rule 35 of the Federal Rules of Criminal Procedure. Consequently, this Court is without jurisdiction to entertain Mr. Favors's motion.

## CONCLUSION

In consideration of the foregoing motion and the applicable statutory and jurisprudential authority, this Court lacks jurisdiction to grant the requested relief, and Mr. Favors's Motion for Correction of Sentence is hereby DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 29 day of August, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE