RECEIVED
SEP 1 1 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 97-60045 |
| VERSUS | JUDGE DOHERTY |
| RONALD JOSEPH FAVORS | MAGISTRATE JUDGE TYNES |

### RULING ON MOTION FOR RECONSIDERATION OF THE RULING DENYING MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.C. 3553(e) and U.S.S.G. 5K1.1, 5K2.0 or RULE 35

The Court is in receipt of the defendant's Motion for Reconsideration of the Ruling Denying Motion for Downward Departure Pursuant to 18 U.S.C. 3553(e) and U.S.S.G. 5K1.1, 5K2.0 or Rule 35 [Doc. 91].

First, defendant's argument that the Court failed to properly consider the amended version of Rule 35 of the Federal Rules of Criminal Procedure is incorrect and immaterial. This Court *did* consider Rule 35 as amended in 2002 (and again in 2004). Furthermore, Rule 35(b) *expressly* allows the Court to reduce a sentence upon a motion by the government. Thus, the defendant's argument that Rule 35(b)(2) permits the government to file a motion for reduction of sentence more than one year after sentencing is immaterial, given that the government has filed no such motion in this case, and defendant is not permitted to seek such relief under the express language of the rule.

Furthermore, to the extent that the defendant argues that this Court has the *ability* to review the government's *refusal* to file a motion for downward departure once the government has indicated that it might do so, the Court notes that such relief is available pursuant to 18 U.S.C. §3553(e) and U.S.S.G. 5K1.1, not Rule 35. Moreover, as stated by the Supreme Court in Wade v. U.S., 504 U.S.

181, 185 (1992) "in both §3553(e) and §5K1.1 the condition limiting the courts authority *gives the Government a power, not a duty*, to file a motion when a defendant has substantially assisted." (emphasis added) The only exception to that rule of which this Court is aware is "that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." Id., 185, 186.

In the instant case, defendant has presented nothing to the Court which would make the foregoing exception applicable.

For the foregoing reasons, and for the reasons stated in the Court's Memorandum Ruling Denying Motion for Downward Departure Pursuant to 18 U.S.C. 3553(e) and U.S.S.G. 5K1.1, 5K2.0 or Rule 35 issued on August 29, 2007 [Doc. 89], the Motion for Reconsideration is DENIED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 11 day of Sept, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE